UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACY L. KING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:06CV968 TIA |
| ) | |
| DAVE DORMIRE,[1] ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Tracy L. King for a Writ of Habeas Corpus under 28 U.S.C. § 2254. The Parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

### Procedural History

Petitioner is currently incarcerated at the Jefferson City Correctional Center located in Jefferson City, Missouri, pursuant to the judgment and conviction of the Lincoln County Circuit Court. On December 3, 2002, Petitioner pled guilty to one count of First Degree Robbery and one count of First Degree Assault. (Resp. Exh. 2, pp. 9-13) The court sentenced him as a prior and persistent offender to 30 years in prison. (Resp. Exh. 2, pp. 36-37) Thereafter, Petitioner filed a motion for post-conviction relief under Missouri Supreme Court Rule 24.035. (Resp. Exh. 2, pp. 41-56) The motion court denied Petitioner's motion, and the Missouri Court of Appeals affirmed.

---

[1] Petitioner originally filed his case against Don Roper, Warden of the Potosi Correctional Center, where Petitioner was originally confined. Because Petitioner is now housed at the Jefferson City Correctional Center, Dave Dormire, the Warden of that facility, is the proper party respondent. Therefore, the caption will reflect his name as the Respondent. 28 U.S.C. § 2254, Rule 2(a).

(Resp. Exh. 2, pp. 57-58; Resp. Exh. 5) On June 23, 2006, Petitioner filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus in federal court.

## **Petitioner's Claims**

Petitioner raises two grounds for habeas relief in his petition:

(1) Post-conviction counsel was ineffective, and the post-conviction motion court violated Petitioner's constitutional rights by not appointing a different attorney; and

(2) Petitioner's guilty plea counsel was ineffective for failing to adequately investigate Petitioner's mental health history.

## **Ground One**

Petitioner first claims that Post-conviction counsel was ineffective, and the post-conviction review court violated Petitioner's constitutional rights by not appointing a different attorney. Respondent contends that ineffective assistance of post-conviction counsel is not a ground for relief under 28 U.S.C. § 2254. The undersigned agrees with the Respondent.

"Because the Constitution does not guarantee the existence of state post-conviction proceedings, … , 'an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas [application].' Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990). Any error in [Petitioner's] state post-conviction proceeding is not a constitutional error that could justify granting an application for a writ of habeas corpus." Bell-Bey v. Roper, 499 F.3d 752, 756 (8th Cir. 2007) (internal citation omitted). In addition, "[t]here is no federal constitutional right to the effective assistance of post-conviction counsel." Link v. Luebbers, 469 F.3d 1197, 1206 (8th Cir. 2006) (citation omitted). Thus, Petitioner's claim that post-conviction counsel was ineffective, and the post-conviction motion court violated Petitioner's constitutional rights by not

appointing a different attorney is collateral to Petitioner's conviction and sentence and is not cognizable in a petition under 28 U.S.C. § 2254. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990). Therefore, the Court denies Petitioner's first ground for habeas relief as non-cognizable.

### **Ground Two**

Petitioner next claims that his guilty plea counsel was ineffective for failing to adequately investigate Petitioner's mental health history. The Petitioner raised this claim in his Rule 24.035 motion for post-conviction relief and on appeal. (Resp. Exh. 2, pp. 49-52; Resp. Exh. 3, p. 18; Resp. Exh. 5, p. 4) Respondent asserts that the Court should dismiss this claim because it lacks merit. Specifically, the Respondent maintains that the Missouri Court of Appeals' decision that counsel was not ineffective for failing to investigate Petitioner's mental fitness to proceed was consistent with a reasonable application of Strickland v. Washington, 466 U.S. 668 (1984). The undersigned agrees with the Respondent.

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). A federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See also Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

With regard to legal conclusions, "[u]nder the 'contrary to' clause, a federal habeas court may

grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000). The "unreasonable application" clause provides that "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413; see also Bucklew v. Luebbers 436 F.3d 1010, 1016 (8th Cir. 2006); Rousan v. Roper, 436 F.3d 951, 956 (8th Cir. 2006). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." Williams, 529 U.S. at 411. Where a Petitioner alleges ineffective assistance of counsel, a court "will not grant [petitioner's] habeas petition unless the state court's decision in this case was contrary to, or an unreasonable application of, the standard articulated by the Supreme Court in Strickland." Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999).

In the instant case, Petitioner raised this claim on appeal. The Missouri Court of Appeals thoroughly addressed his argument and found:

> In Movant's second argument, he alleges that his plea counsel was ineffective for failing to investigate his mental condition and advise Movant on a defense of mental disease or defect. After a guilty plea, a claim of ineffective assistance of counsel is immaterial except to the extent that it impinges upon the voluntariness and knowledge with which the guilty plea was made. Jones v. State, 966 S.W.2d 340, 342 (Mo. App. S.D. 1998). In order to demonstrate a claim for ineffective assistance of plea counsel, movant must show that counsel's representation fell below an objective standard of reasonableness, and that he was prejudiced by that performance. Hagan v. State, 836 S.W.2d 459, 463 (Mo. banc 1992); see also Hill

4

v. Lockhart, 474 U.S. 52 (1985). In order to demonstrate prejudice, movant must show that but for the errors of counsel, he would not have pleaded guilty and would have insisted on trial. Hagan, 836 S.W.2d at 464.

To show that counsel was ineffective in failing to investigate an alleged mental disease or defect defense, a movant must allege facts indicating a questionable mental condition. State v. Roll, 942 S.W.2d 370, 376 (Mo. banc 1997). In the absence of some suggestion of mental instability, there is no duty on counsel to initiate an investigation of the mental condition of an accused. O'Neal v. State, 724 S.W.2d 302, 306 (Mo. App. S.D. 1987). The need for an investigation is not indicated where the accused has the present ability to consult rationally with counsel and to understand the proceedings. State v. Richardson, 923 S.W.2d 301, 328 (Mo. banc 1996). The suspicion or actual presence of some degree of mental illness or need for psychiatric treatment does not equate with incompetency to stand trial. Baird, 906 S.W.2d at 749. In fact, an accused may be mentally retarded in some degree and still be competent to stand trial or enter a knowing, intelligent plea of guilty. Pulliam v. State, 480 S.W.2d 896, 904 (Mo. banc 1972). Rather, the test must be "whether [a movant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402 (1960).

In this case, plea counsel testified that Movant wished to proceed with a mental evaluation one week before trial. He testified that Movant told him at one point during their monthly discussions that he may have been diagnosed as bi-polar. As his client instructed, he motioned the plea court to have Movant examined for any mental illness or defect. This motion was denied. Movant then sought to have new counsel appointed. This motion, too, was denied.

Plea counsel testified that over the course of his dealings with Movant, Movant had always seemed rational, competent, and understood the proceedings against him. Movant was able to discuss the events in the underlying matter and discuss trial strategy. Plea counsel testified that Movant's motive for seeking a mental examination and change of counsel was to obtain a continuance so that the co-defendant in the underlying criminal matter could plead guilty first, and thus, Movant may receive a better sentencing recommendation than thirty years' imprisonment. Plea counsel did not

5

> believe there was any basis for a mental disease or defect defense in this case.
>
> This Court has reviewed the transcripts of the plea and evidentiary hearings. It appears that Movant was alert and lucid at all times during the proceedings. Movant's answers to questions were responsive, logical, and dispelled any notion that he lacked comprehension of the proceedings. As such, it cannot be said that plea counsel was ineffective in failing to investigate Movant's mental fitness to proceed. The record reflects that Movant entered a knowing and voluntary guilty plea.
>
> The motion court's judgment is affirmed.

(Resp. Exh. 5, pp. 4-6)

To establish ineffective assistance of counsel Petitioner must satisfy a two prong test. Petitioner must demonstrate that counsel's performance was "deficient" and that such deficient performance "prejudiced" his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove deficient performance, Petitioner "must show that his counsel 'made errors so serious that counsel was not functioning as counsel guaranteed the defendant by the Sixth Amendment.'" Osborne v. Purkett, 411, F.3d 911, 918 (8th Cir. 2005) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). Courts will presume that the attorney's performance falls within the broad range of reasonable and professional assistance of counsel, as courts do not "'second-guess strategic decisions or exploit the benefits of hindsight.'" Id. (quoting Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997)) (citation omitted). In establishing the requisite element of prejudice, the Petitioner must show that but for counsel's errors, he would not have pleaded guilty but instead would have insisted on going to trial. Witherspoon v. Purkett, 210 F.3d 901, 903 (8th Cir. 2000). Because a habeas petition claiming ineffective assistance of counsel involves mixed questions of law and fact, legal conclusions are reviewed *de novo*, and state court findings of fact are presumed to be correct under

6

28 U.S.C. § 2254(d). Sloan v. Delo, 54 F.3d 1371, 1383 (8th Cir. 1995) (citation omitted).

In the instant case, Petitioner is unable to show that trial counsel's performance was deficient or that Petitioner was prejudiced. Strickland v. Washington, 466 U.S. 668, 687 (1984). As stated above, the Missouri Court of Appeals held that Petitioner did not receive ineffective assistance of counsel. The court entered detailed factual findings and determined that plea counsel's testimony was credible and that Petitioner was alert and lucid during his plea and evidentiary hearings. (Resp. Exh. 5, p. 6) These findings are supported by the evidence presented at the state court hearings. (Resp. Exh. 1, pp. 10-13, 26-28; Resp. Exh. 2, pp. 25-32) Petitioner testified that he informed his attorney of his mental illness at their first meeting and during every meeting thereafter. (Resp. Exh.1, p. 22) However, he also testified that he had pled guilty on two previous occasions and never raised a mental disease or defect claim, despite his assertion that he had mental issues since his childhood. (Resp. Exh. 1, pp. 26-27)

Plea counsel, on the other hand, testified that the State had very strong evidence against Petitioner, as he and his co-defendant had confessed. Further, counsel's only recollection of Petitioner mentioning mental illness was one week before trial. Petitioner told counsel that he wanted a continuance to allow his co-defendant to plead first so Petitioner could get a better deal. Counsel stated that, while Petitioner may have had some mental health issues, he did not have a mental health defense. Counsel testified that Petitioner had always been rational and competent to assist in his defense. Further, counsel was not going to ask for a continuance based on groundless issues. (Resp. Exh. 1, pp. 9-13) The motion court found counsel's testimony credible and determined that Petitioner's motive for requesting a mental examination stemmed from a desire to obtain a

7

continuance, not from a mental condition. (Resp. Exh. 2, p. 62) The Missouri Court of Appeals agreed, affirming the motion court's denial of Petitioner's Rule 24.035 motion for post-conviction relief. (Resp. Exh. 5)

In the instant case, the Petitioner has not presented clear and convincing evidence rebutting the state courts' factual determinations. Under 28 U.S.C. § 2254(e), federal habeas courts have "no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not them." Marshall v. Lonberger, 459 U.S. 422, 434 (1983); see also Pittman v. Black, 764 F.2d 545, 546 (8th Cir. 1985) (credibility determinations are for the state courts to decide). Without clear and convincing evidence to rebut the state courts' factual determinations, the petitioner has not demonstrated that his counsel rendered ineffective assistance, as he has failed to demonstrate that counsel unreasonably failed to investigate Petitioner's alleged mental disease and that, but for counsel's errors, he would have insisted on proceeding to trial. Indeed, as found by the state courts, Petitioner was seeking a continuance, not a valid defense.

Because Petitioner is unable to demonstrate that his attorney's performance was deficient which resulted in prejudice, he cannot satisfy the two-part test established in Strickland needed to prevail on an ineffective assistance of counsel claim. Thus, the state court's decision in this case was not contrary to, nor an unreasonable application of, the standard articulated by the Supreme Court in Strickland. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). Petitioner's second ground for habeas relief will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Tracy L. King for a writ of habeas corpus is **DISMISSED** without further proceedings.

**IT IS FURTHER ORDERED**, pursuant to 28 U.S.C. § 2253 and <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000), that no certificate of appealability shall issue from this Court.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  29th  day of September, 2009.